CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 10 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 4:08cr00037 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RONALD EDWARD WOOTEN, | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Ronald Edward Wooten, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his 151-month sentence following a guilty plea to drug-related crimes. Wooten asserts that he deserves relief following the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The government filed a motion to dismiss, and the time within which Wooten had to respond as expired, making this matter ripe for disposition. I conclude that Wooten's petition is untimely, and I grant the government's motion to dismiss.

I.

On October 23, 2008, a federal grand jury returned a two-count Indictment against Wooten charging him with two counts of distributing a measurable quantity of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Wooten pleaded guilty to one count, pursuant to a written Plea Agreement, in exchange for the dismissal of the remaining count. Plea Agree. at 1-2, ECF No. 36.

A Presentence Investigation Report ("PSR") was created prior to sentencing and recommended that Wooten receive an enhanced sentence because he qualified as a career offender in that he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The PSR listed the following prior convictions as support for Wooten's career offender enhancement: a 1998 North Carolina

conviction for cocaine trafficking, a 2003 Virginia conviction for distribution of cocaine, and a 2003 Virginia conviction for five counts of distribution of cocaine. PSR ¶¶ 18, 25, 28, and 30, ECF No. 44. It recommended an advisory guideline range of 151 to 188 months. On July 23, 2010, I sentenced Wooten to 151 months' imprisonment. Judgment at 2, ECF No. 42. Wooten did not appeal.

In his § 2255 motion, Wooten argues that in light of Johnson, 135 S. Ct. 2551, he should not have been sentenced as a career offender because his drug convictions no longer count as predicate offenses. However, Johnson had no effect on predicate controlled substance offenses, instead, it circumscribed the types of predicate convictions that qualified as crimes of violence. 135 S. Ct. at 2563. In addition, the Supreme Court, in Beckles v. United States, 137 S. Ct. 886, 895 (2017), held that the type of constitutional infirmity that existed in the Armed Career Criminal statute, 18 U.S.C. § 924(e)(2)(B), which was addressed in Johnson, did not exist with regard to the purely advisory sentencing guidelines. Accordingly, Wooten cannot establish any error, constitutional or otherwise, with regard to his career offender status or his sentence.

To the extent that Wooten is arguing that, following the Fourth Circuit decision in United States v. Simmons, 649 F.3d 247 (4th Cir. 2011), his prior North Carolina drug conviction no longer qualifies as a predicate offense because it is not a felony offense punishable by a year or more, this argument is unavailing. Wooten was sentenced to 35 to 42 months for that conviction, a term in excess of one year. PSR ¶ 25, ECF No. 44. Moreover, even if Wooten had predicates that had been used to support his career offender status that were later reclassified as misdemeanors, he would not be entitled to relief. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015) (holding that a career offender designation,

2

later nullified by Simmons, is not cognizable on collateral review because although classification as a career offender under the guidelines affects the sentence imposed, such a designation does not "affect the lawfulness of the sentence itself—then or now" as long as the sentence imposed does not exceed the statutory maximum).

In addition, Wooten raises two other claims; he asserts that his counsel provided ineffective assistance by coercing him to plead guilty without explaining the consequences of doing so and that he should not be classified as a career offender under the doctrine of nunc pro tunc. Wooten has waived his right to bring such claims, as his plea agreement included a collateral review waiver, which is binding as his guilty plea was knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). These claims also fail on the merits. Wooten's plea agreement noted that he had reviewed every part of the agreement with counsel and that he had not been coerced into pleading guilty. Plea Agree. at 11-12, ECF No. 36. Moreover a nunc pro tunc order may be used to correct mistakes and omissions in the record but not to change decisions in earlier cases, and therefore, is inapplicable in this case. Glynne v. Wilmed Healthcare, 699 F.3d 380, 383-84 (4th Cir. 2012).

Therefore, Wooten's has not shown that he is eligible for relief under § 2255 following Johnson and his petition must be dismissed as untimely. See 28 U.S.C. § 2255(f).

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Wooten has not made the requisite substantial showing of a denial of a constitutional right as required by 28

3

U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 10th day of October, 2017.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE